IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEVERE ANDRE HALL/WOODS, SR. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| C/O K. SMITH, et al. | : | NO. 07-3207 |

**MEMORANDUM AND ORDER**

Plaintiff, a prisoner at the Curran-Fromhold Correctional Facility ("CFCF"), seeks to bring a civil action in forma pauperis,[1] without prepayment off fees or security therefor, asserting claims pursuant to 42 U.S.C. § 1983. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) (the "Act"), which amends 28 U.S.C. § 1915 establishes certain financial requirements for prisoners such as this plaintiff who are attempting to bring a civil action or file an appeal in forma pauperis.

Under the Act, a prisoner bringing a civil action in forma pauperis must pay the full amount of the required $350 filing fee. 28 U.S.C. § 1915(b)(1). The prisoner must submit a certified copy of his prisoner account statement for the 6-month period immediately preceding the filing of his complaint so the Court can determine how the $350 filing fee will be paid. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined within that 6-month period. Id. The Court must then "assess [the prisoner's financial status) and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of - - (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the

---

[1] Suits brought in forma pauperis are governed by 28 U.S.C. § 1915.

prisoner's account for the 6-month period immediately preceding the filing of the complaint... ."

Based on Plaintiff's prisoner account statement, he will not be required to pay an initial partial filing fee. However, the Warden or other appropriate official at CFCF, or at any prison at which Plaintiff may be incarcerated, will be directed to deduct, each time that the balance in Plaintiff's prisoner account exceeds $10, an amount no greater than 20 percent of the money credited to Plaintiff's account during the preceding month and forward that amount to the Clerk of Court for the Eastern District of Pennsylvania until the entire $350 filing fee is paid.

Plaintiff may not have known when he began this civil action that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the Act does ***not*** permit the prisoner to receive a refund of any portion of his filing fee.

The Court shall give Plaintiff thirty (30) days from the date of this Order to decide whether he wants to proceed with this case. If by that time, Plaintiff decides not to proceed with this case, he need not pay the $350 filing fee.

Accordingly, this 21st day of August, 2007, it is hereby **ORDERED** that:

1. The petition is **DENIED WITHOUT PREJUDICE** to its reassertion in accordance with the terms of this Order;

2. If Plaintiff files with the Court within thirty (30) days from the date of this Order a notice that he wishes to proceed with this action and thereby obligate himself to pay the $350 filing fee, this action will be reinstated; and

3.    The Clerk of Court shall CLOSE this case statistically.

                        BY THE COURT:

                        /s/ Gene E.K. Pratter
                        GENE E.K. PRATTER,    J.